UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA CIFUENTES,<br><br>                              Plaintiff,<br><br>         -against-<br><br>CENTER FOR RECOVERY & WELLNESS: EDUCATIONAL ALLIANCE; SUZETTE ROSS (FORER SUPERVISOR); and HUMAN RESOURCES OF EDUCATIONAL ALLIANCE,<br><br>                              Defendants. | **ORDER OF SERVICE**<br><br>22 Civ. 3552 (PGG) |

PAUL G. GARDEPHE, U.S.D.J:

        Plaintiff, who is proceeding pro se, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that her former employer discriminated against her based on her national origin.  By order dated May 3, 2022, the Court granted Plaintiff's request to proceed in forma pauperis (IFP), that is, without prepayment of fees.

## DISCUSSION

        Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not

have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Center for Recovery & Wellness: Educational Alliance; Suzette Ross; and Human Resources of Educational Alliance through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## **CONCLUSION**

The Clerk of Court is instructed to issue summonses for Center for Recovery & Wellness: Educational Alliance; Suzette Ross; and Human Resources of Educational Alliance, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

Dated: New York, New York
      May 6, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Center for Recovery & Wellness: Educational Alliance
   25 Avenue D
   New York, NY 10009

2. Suzette Ross
   Center for Recovery & Wellness: Educational Alliance
   25 Avenue D
   New York, NY 10009

3. Human Resources of Educational Alliance
   197 East Broadway
   New York, NY 10002